UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Shemahtiel Ben-Israel, | ) | C/A No. 8:19-cv-01530-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| Walgreens Distribution Center, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 25. Plaintiff filed a Response in Opposition, and Defendant filed a Reply. ECF Nos. 28, 30. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report"). On February 11, 2020, the Magistrate Judge issued a Report recommending that the Motion be granted. ECF No. 42. Plaintiff filed objections to the Report, and Defendant filed a Reply. ECF Nos. 45, 46.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or

1

modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

Plaintiff alleges that Defendant discriminated against him based on his religion (Judaism) and national origin (Israelite).  ECF No. 1.  Specifically, he raises claims of disparate treatment, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964 and wrongful discharge for refusal of work overtime in violation of the Fair Labor Standards Act ("FLSA").  In his objections, Plaintiff largely restates arguments previously raised in his Amended Complaint and Response in Opposition to the Motion to Dismiss.  However, out of an abundance of caution, the Court has conducted a de novo review of the record, applicable law, and Report.  The Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law which the Court incorporates by reference.

The Magistrate Judge recommends dismissal of Plaintiff's disparate treatment claim.  Plaintiff objects and alleges that offensive comments were made to him by "Ms. Donna Miller and Administration."  ECF No. 45 at 3.

As explained in greater detail by the Magistrate Judge, Plaintiff has not identified with any specificity what was said, when, or by whom—except Ms. Miller[1]—the comments were made.  Plaintiff also fails to allege that he reported the comments to Defendant at any time during his employment.  Moreover, Plaintiff acknowledges that he refused to work mandatory overtime[2] which suggests that he was not meeting Defendant's legitimate expectations for an employee in his position.  He has not identified any similarly situated employees outside he protected class who were asked to work overtime, refused, and were not terminated.

These allegations are insufficient to support a claim that the reason he was terminated from employment was because of his religion or national origin.  *See Kelly v. QVC*, C/A No. 5:17-2858-RBH-Kaymani D. West, 2019 WL 438548, at *8 (D.S.C. Jan. 14, 2019), *Report adopted as modified by* 2019 WL 429915 (finding a complaint that does not provide "*any* names, characteristics, or other details concerning who the 'other employees' who were treated differently were, other than to indicate that they were White, female, younger, [or] differently complexioned" fails "to set out a plausible claim").

---

[1] Plaintiff states that Ms. Miller made an offensive comment, but he does not relay what she allegedly said or provide any other factual support.

[2] Plaintiff states in his objections that he was not required to work overtime; however, as explained below, that opinion appears to be based on a misunderstanding of the FLSA.  Plaintiff also states that he, Mr. Ninu, Ms. Neftari, administration, and management were not required to work overtime; however, as noted by the Magistrate Judge, there is no indication that these employees were similarly situated to Plaintiff.

Turning to Plaintiff's hostile work environment claim, he generally alleges that he was "harassed" based on his religion and national origin. In his objections, Plaintiff seems to allege that he is not required to provide any factual support for his assertions. He contends that "[i]t is enough that the employee's membership in a protected class was the motivation for the harassment." ECF No. 45 at 2.

This position is not supported by relevant law. *See*, *e.g.*, *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (holding that a plaintiff must allege facts "to support a plausible claim" so that the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged"). Like Plaintiff's disparate treatment claim, his hostile work environment claim fails because he has not provided sufficient factual support for his assertions. His allegations that he was invited to Thanksgiving and Christmas dinners, received a Christmas card, and was offered Halloween candy do not amount to conduct that a reasonable person would find hostile or abusive nor do the allegations give rise to a reasonable inference of bias against Plaintiff's national origin or religion.

With respect to Plaintiff's retaliation claim, Plaintiff objects to the Magistrate Judge's recommendation of dismissal and argues that "[t]he standard for proving a retaliation claim requires showing that the managers action might Deter a reasonable person from opposing discrimination or participation in an EEOC complaint process." ECF No. 45 at 4. As stated by the Magistrate Judge, Plaintiff has not alleged that he engaged in protected activity. *See Guessous v. Fairway Prop. Invs.*, 828 F.3d 208, 217

4

(4th Cir. 2016) (holding that a prima facie case of retaliation requires the plaintiff to show "(i) that [he] engaged in protected activity, (ii) that [his employer] took adverse action against [him], and (iii) that a causal relationship existed between the protected activity and the adverse employment activity"). Accordingly, this objection is overruled.

Finally, the Magistrate Judge recommends dismissal of Plaintiff's wrongful discharge claim. Plaintiff contends that he meets an "exception to the South Carolina overtime laws" because he has his own business that takes up more than 20 percent of his time. ECF No. 16. As explained in more detail by the Magistrate Judge, it appears Plaintiff is referring to the "80/20" rule, which until recently applied to tipped employees or the Department of Labor overtime exemptions restricting the amount of time employees in exempt administrative positions or outside sales can spend on duties that fall outside the job exemptions. ECF No. 42 at 10. There is no indication based on the facts alleged by Plaintiff that these provisions are applicable in this case. Moreover, requiring employees to work overtime is not a violation of the FLSA. Accordingly, Plaintiff's objections are overruled.

Based on the foregoing, the Court adopts and incorporates the recommendation of the Magistrate Judge.[3] Defendant's Motion to Dismiss for Failure to State a Claim [25] is GRANTED. IT IS SO ORDERED.

---

[3] Because the Court finds that the Amended Complaint fails to state a claim upon which relief can be granted, the Court declines to give Plaintiff an opportunity to amend to name the proper defendant, which is Walgreens Co.

| | |
|---|---|
| April 15, 2020 | s/ Donald C. Coggins, Jr. |
| Spartanburg, South Carolina | United States District Judge |

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.